David M. Halbreich (SBN 138926)
Email: dhalbreich@reedsmith.com
Amber S. Finch (SBN 222321)
Email: afinch@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

T. Connor O'Carroll (SBN 312920)
Email: cocarroll@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Plaintiffs
Adir International, LLC; and Ron Azarkman

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADIR INTERNATIONAL, LLC, a Delaware Limited Liability Company, DBA CURACAO (formerly known as La Curacao); and RON AZARKMAN, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> STARR INDEMNITY & LIABILITY COMPANY and DOES 1 through 100, inclusive, <br><br> Defendants. <br><br> ALL RELATED COUNTERCLAIMS | Case No. 2:19-cv-04352-R-PLA <br><br> Honorable Manuel L. Real <br><br> **PLAINTIFFS ADIR INTERNATIONAL LLC'S AND RON AZARKMAN'S FIRST *AMENDED* COMPLAINT** |

FIRST *AMENDED* COMPLAINT FOR DECLARATORY JUDGMENT & BREACH OF CONTRACT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# AMENDED COMPLAINT

Plaintiffs Adir International, LLC, a Delaware Limited Liability Company, doing business as Curacao (and formerly known as La Curacao) (collectively referred to herein as "Adir"), and Ron Azarkman (collectively, "Plaintiffs") by their undersigned counsel, for their *amended* complaint against Defendant Starr Indemnity & Liability Company ("Defendant" or "Starr") and DOES 1 through 100, inclusive, allege as follows:

## NATURE OF THE ACTION

1.      This is an insurance coverage dispute by which Plaintiffs request: (1) that this Court issue a judgment, pursuant to California Code of Civil Procedure Section 1060, declaring that Starr is obligated to defend and indemnify Plaintiffs in the lawsuit styled *The People of the State of California v. ADIR International LLC, dba Curacao and La Curacao, et al.*, filed on October 19, 2017 in the Superior Court of California, County of Los Angeles under Case Number BC680425 (the "Underlying Action"); and (2) damages due to Starr's breach of its duties to defend and indemnify Plaintiffs in the Underlying Action pursuant to its obligations under the insurance policy.

## PARTIES

2.      Plaintiff Adir is a Delaware limited liability company with its principal place of business in Los Angeles, California.  Adir is Starr's insured and has been named as a defendant in the Underlying Action.  Adir currently does business as Curacao and is formerly known as La Curacao.  La Curacao was erroneously sued in the Underlying Action.

3.      Plaintiff Ron Azarkman is an individual and is a resident of Los Angeles County.  Mr. Azarkman is the Chief Executive Officer of Adir.  Mr. Azarkman is Starr's insured and has been named as a defendant in the Underlying Action.

4.      Defendant Starr is a Texas corporation, with its principal place of business located in the State of New York.  At all relevant times, Starr was eligible to do, and was doing, business in the State of California.  Starr issued the insurance

FIRST *AMENDED* COMPLAINT FOR DECLARATORY JUDGMENT & BREACH OF CONTRACT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   policy that is the subject of this instant action.

2       5.    The true names and capacities of defendants sued herein as DOES 1-
3   100, inclusive, are unknown to Plaintiffs, who thereby sue said defendants by such
4   fictitious names.  These defendants are persons, corporations, partnerships,
5   associations, employees, agents or representatives that acted in concert, colluded or
6   conspired with one or more of the named defendants, has induced and participated in,
7   or benefitted from, the conduct of defendants, or is otherwise legally responsible in
8   some manner for the acts and wrongs of one or more of the defendants named herein
9   and the resulting damage as alleged herein.  Plaintiffs will seek leave of Court to
10   amend this Complaint when the true names and capacities of these defendants have
11   been ascertained.

12   **JURISDICTION AND VENUE**

13       6.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that this is a
14   civil action between citizens of this state and citizens of a foreign state, and the
15   amount in controversy exceeds the sum of $75,000, exclusive of interest and cost, and
16   also as alleged in Starr's Notice of Removal of Action filed in this Court on May 20,
17   2019

18       7.    Venue is proper in this District because the events giving rise to
19   Plaintiffs' claims occurred within this District, and also as alleged in Starr's Notice of
20   Removal of Action filed in this Court on May 20, 2019.

21   **FACTUAL ALLEGATIONS**

22       A.    **THE STARR INSURANCE POLICY**

23       8.    Starr issued Insurance Policy No. 1000620507171 (the "Policy"), which
24   provides Directors' and Officers' liability coverage to Adir.  The policy period for the
25   Policy runs from October 1, 2017 through October 1, 2018.  The Policy has an
26   aggregate limit of liability of $10 million, subject to a self-insured retention of
27   $100,000.  A true and correct copy of the Policy is attached hereto as Exhibit A and is

28

FIRST *AMENDED* COMPLAINT FOR DECLARATORY JUDGMENT & BREACH OF CONTRACT

1    incorporated herein.[1]

2        9.    The Policy provides defense and indemnity coverage for "Loss" arising

3    from non-employment "Wrongful Acts" alleged against individual directors and

4    officers of the "Company," as well as "Wrongful Acts" alleged against the

5    "Company."  Coverage is afforded so long as the "Claim" is made and reported to

6    Starr during the policy period or within 60 days after the Policy's expiration.

7        10.   The Policy imposes a duty on Starr to defend "Insured Persons" and/or

8    the "Company" against "Claims" that are reported to Starr during the policy period.

9    Further, the Policy imposes a duty on Starr to indemnify "Insured Persons" and/or the

10   "Company" against "Loss" that arises from a "Claim."

11       11.   The Policy defines the "Company" to include Adir.  Ex. A at Gen.

12   Definitions 2.(c).  As Adir is formerly known as La Curacao, La Curacao also

13   qualifies as the "Company" under the Policy.

14       12.   The Policy defines "Insured Person" as any "Executive" or "Employee"

15   of Adir.  *Id.* at 2(d),(e) and (g).  Mr. Azarkman qualifies as an Insured Person under

16   the Policy because he is a "past, present or future duly elected or appointed director

17   [or] officer" of Adir.  *Id.* at 2(e).

18       13.   The Policy defines a "Claim," in relevant part, as a civil proceeding "for

19   monetary, non-monetary, or injunctive relief commenced against [the Company or any

20   Insured Person]."  *Id.* at 2(a)(2).

21       14.   The Policy defines "Loss" to include, among other things, "damages,

22   settlements, or judgments" and "Defense Costs."  *Id.* at 2(h)(1),(6).  The Policy

23   defines "Defense Costs" to include "reasonable and necessary fees, costs, charges or

24   expenses resulting from the investigation, defense or appeal of a Claim."  *Id.* at Gen.

25   Terms & Conds. Section, 2(d)(1).

26

27

28   [1] The attached Policy is Redacted to omit the terms and conditions of coverages unrelated to the coverages at issue in this action.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 4 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

15.    The Policy defines a "Wrongful Act" with respect to an Insured Person to include "any actual or alleged act, error, omission, neglect, breach of duty, breach of trust, misstatement, or misleading statement by an Insured Person...." *Id.* at 2(l)(1). With respect to the Company, a "Wrongful Act" includes "any actual or alleged breach of duty, neglect, error, misstatement, misleading statement, omission or act by the Company." *Id.* at 2(l)(3).

16.    The Policy imposes upon Starr a "duty to defend any Claim against [Plaintiffs] covered under the [Policy], even if such Claim is false, fraudulent, or groundless.…" *Id.* at Gen. Terms & Conds. Section 6.  Moreover, the Policy states that Starr "shall pay Defense Costs prior to the final disposition of any Claim…." *Id.*

17.    Upon information and belief, all conditions imposed by the Policy, including the payment of premiums and notice of claims, have been satisfied, waived or otherwise excused by the behavior of Starr or by operation of law, specifically by Starr breaching the Policy through its refusal to defend Plaintiffs in the Underlying Action.

### B.    THE UNDERLYING ACTION

18.    On October 19, 2017, during the Policy's coverage period, the California Attorney General, on behalf of the People of the State of California, filed a complaint against Adir, La Curacao, and Mr. Azarkman thereby initiating the Underlying Action.  The California Attorney General seeks monetary, non-monetary, and injunctive relief against Plaintiffs.  A true and correct copy of the complaint in the Underlying Action is attached hereto as Exhibit B and is incorporated herein.

19.    The Underlying Action and the allegations therein constitute a "Claim" for "Wrongful Acts" as defined under the Policy.  Accordingly, Starr has a duty to defend Plaintiffs in the Underlying Action.  Starr's duty to defend Plaintiffs includes payment of "Defense Costs" prior to the final disposition of the Underlying Action.

FIRST *AMENDED* COMPLAINT FOR DECLARATORY JUDGMENT & BREACH OF CONTRACT

**C.      TENDER OF COVERAGE AND STARR'S WITHDRAWAL OF ITS DEFENSE**

20.      On or about October 26, 2017, during the Policy's coverage period, Plaintiffs reported the Underlying Action to Starr.  Plaintiffs requested that Starr commit to defending them against the allegations in the Underlying Action, consistent with Starr's defense obligations under the Policy.

21.      On December 15, 2017, Starr agreed to defend Plaintiffs in the Underlying Action pursuant to a reservation of rights to contest coverage under the Policy.

22.      On March 29, 2019, Starr informed Plaintiffs, via their underlying defense counsel: (1) that it "will stop making any payments for defense costs" in connection with the Underlying Action; (2) that it would stop paying defense costs; and (3) that it "continues to reserve its rights to seek reimbursement of all amounts paid to date."

23.      On April 5, 2019, Plaintiffs responded to Starr urging it to reconsider and honor its obligations to defend Plaintiffs under the Policy and California law – specifically, to pay Plaintiffs' Defense Costs.  Yet, Starr has refused to make any additional defense payments.

24.      Starr has even refused to continue processing the review and approval of defense fees, or otherwise respond to Plaintiffs' underlying defense counsel's appeal requests to certain incurred defense fees.

25.      Starr has effectively cut off all communication with Plaintiffs' underlying defense counsel, notwithstanding Starr's previously coordinated defenses of the Underlying Action for 18 months.

26.      On April 17, 2019, Plaintiffs filed a complaint against Starr in Los Angeles Superior Court alleging breach of contract – duty to defend and seeking declaratory relief with respect to Starr's duty to defend Plaintiffs in the Underlying Action.  Filing of the complaint was necessary given the immediate and significant impact of Starr's refusal on Plaintiffs' defense in the Underlying Action.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

FIRST *AMENDED* COMPLAINT FOR DECLARATORY JUDGMENT & BREACH OF CONTRACT

27.     On May 17, 2019, Starr reiterated its position that it would "not pay the pending defense payments to Adir or its defense counsel in the Underlying Action." Further, Starr stated that Plaintiffs were not entitled to coverage, a defense, or indemnity for the Underlying Action under the Policy.  Starr denied all coverage to Plaintiffs under the Policy for all "Loss" arising out of the Underlying Action.

28.     The Underlying Action continues to proceed through litigation and Plaintiffs continue to incur substantial Defense Costs, including amounts in excess of this Court's jurisdictional threshold, for defense services provided since December 2018 that Starr had not yet paid.  Starr has refused to pay for Plaintiffs' Defense Costs in the Underlying Action.  Accordingly, certain of Starr's defense bills remain unpaid.

29.     Plaintiffs will continue to incur substantial Defense Costs as the Underlying Action continues through discovery, pretrial proceedings, and ultimately to trial.  Without Starr honoring its obligations under the Policy and California law to defend Plaintiffs in the Underlying Action, and actually paying the invoices for Plaintiffs' Defense Costs in real time, Plaintiffs will suffer irreparable injury.  Starr's failure to pay Plaintiffs' Defense Costs creates an untenable friction between Plaintiffs and their underlying defense counsel, which ultimately impacts the legal services provided in defense of the claims in the Underlying Action.

30.     Moreover, Starr's coverage position with respect to its duty to indemnify Plaintiffs frustrates any potential pretrial resolution in the Underlying Action as Starr has effectively removed itself from the bargaining table, forcing Plaintiffs to absorb all "Loss" without accessibility to its previously purchased insurance benefits.

## FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT
## (DUTY TO DEFEND)

31.     Plaintiffs incorporate by reference, as though fully set forth herein, the allegations set forth in Paragraphs 1 through 30 above.

32.     Pursuant to the terms of the Policy, Plaintiffs are insured under the Policy and are owed a defense from Starr.  Pursuant to this defense, Starr has an

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

FIRST *AMENDED* COMPLAINT FOR DECLARATORY JUDGMENT & BREACH OF CONTRACT

1  obligation to pay Plaintiffs' Defense Costs immediately.

2       33.    Plaintiffs seek a declaratory judgment regarding the respective rights and

3  obligations of Starr and Plaintiffs under the Policy with respect to Starr's duty to

4  defend Plaintiffs in the Underlying Action and advance Defense Costs up to the limits

5  of its Policy.

6       34.    An actual controversy of a justifiable nature has arisen and exists

7  between Plaintiffs, on the one hand, and Starr, on the other hand, as to their respective

8  rights and obligations under the Policy.

9       35.    Plaintiffs assert that they are entitled to a defense under the Policy for

10  the Underlying Action and payment of Defense Costs.

11       36.    Starr, after first providing a defense under the Policy, has withdrawn its

12  defense and now contends that it is not obligated to provide a defense to Plaintiffs and

13  has refused to make any additional payments for Defense Costs in connection with the

14  Underlying Action.

15       37.    Plaintiffs therefore desire a judicial declaration from this Court that Starr

16  is obligated to defend Plaintiffs in the Underlying Action and must immediately and

17  continuously pay Plaintiffs' defense fees and costs, consistent with the terms of the

18  Policy.

19       38.    Given that the Underlying Action is still pending, and that significant

20  resources will be required to continue to adequately defend against the Claims

21  asserted against Plaintiffs, such a declaration is necessary and appropriate at this time

22  in that Plaintiffs will suffer great and irreparable injury without such a declaration.

23  Moreover, such a declaration is appropriate at this time so that Plaintiffs, on the one

24  hand, and Starr, on the other hand, may ascertain their respective rights and duties

25  under the Policy.

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

FIRST *AMENDED* COMPLAINT FOR DECLARATORY JUDGMENT & BREACH OF CONTRACT

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT

## (DUTY TO DEFEND)

39.     Plaintiffs incorporate by reference, as though fully set forth herein, the allegations set forth in Paragraphs 1 through 38 above.

40.     Plaintiffs are insured under the Policy.

41.     Pursuant to the terms of the Policy, Starr is obligated to defend Plaintiffs in the Underlying Action because the Underlying Action constitutes a "Claim" for "Wrongful Acts."

42.     The Policy states that Starr must pay for all "reasonable and necessary fees, costs, charges or expenses resulting from the investigation, defense or appeal of a Claim." Ex. A at Gen. Terms & Conds. Section, 2(d)(1). "Reasonable and necessary fees" include those fees that are incurred to minimize Plaintiffs' liability, such as defense fees and costs.

43.     After first consenting to defending Plaintiffs in the Underlying Action and agreeing to pay Plaintiffs' defense counsel's invoices, Starr has withdrawn its defense by refusing to pay for any additional defense fees and costs, thereby violating its obligations under the Policy.

44.     In reneging upon its duty to defend Plaintiffs in the Underlying Action, Starr has abandoned its insureds, leaving Plaintiffs with a significant gap in their defense in an expensive and protracted litigation.

45.     Starr committed substantial and material breaches of its contractual obligations under the Policy by wrongfully failing to defend Plaintiffs fully in the Underlying Action, including failing to pay Plaintiffs' outstanding defense invoices and refusing to make any additional payments in connection with the defense of the Underlying Action.

46.     Plaintiffs have timely complied with all applicable conditions precedent to the coverage provided to them as insureds under the Policy, and Starr has waived all applicable conditions precedent to the coverage provided to Plaintiffs as insureds

– 9 –

FIRST *AMENDED* COMPLAINT FOR DECLARATORY JUDGMENT & BREACH OF CONTRACT

1    under the Policy, and/or is estopped from asserting the applicable conditions precedent

2    as defenses to coverage, and/or has not been prejudiced by any failure by Plaintiffs to

3    comply with any conditions precedent to coverage.

4         47.    As a direct and proximate result of Starr's contractual breach of the

5    Policy, Plaintiffs have sustained substantial damages, including unpaid defense

6    invoices since December 2018.  Further, Plaintiffs will continue to suffer substantial

7    damage because they will continue to incur defense fees and costs related their

8    defense in the Underlying Action, in an amount to by shown by proof.

9    **THIRD CAUSE OF ACTION – DECLARATORY JUDGMENT**

10    **(DUTY TO INDEMNIFY)**

11        48.    Plaintiffs incorporate by reference, as though fully set forth herein, the

12    allegations set forth in Paragraphs 1 through 47 above.

13        49.    Pursuant to the terms of the Policy, Plaintiffs are insured under the

14    Policy and are owed indemnity coverage from Starr for the Underlying Action under

15    the terms and conditions of the Policy.  Pursuant to the Policy, Starr has an obligation

16    to pay on behalf of Plaintiffs all "Loss" arising from a "Claim" for "Wrongful Acts."

17        50.    Plaintiffs seek a declaratory judgment regarding the respective rights and

18    obligations of Starr and Plaintiffs under the Policy with respect to Starr's duty to

19    indemnify Plaintiffs for "Loss" arising from the "Wrongful Acts" alleged in the

20    Underlying Action up to the limits of the Policy.

21        51.    An actual controversy of a justifiable nature has arisen and exists

22    between Plaintiffs, on the one hand, and Starr, on the other hand, as to their respective

23    rights and obligations under the Policy.

24        52.    Plaintiffs assert that they are entitled to coverage under the Policy for

25    "Loss" arising from the "Wrongful Acts" alleged in the Underlying Action.

26        53.    Starr has refused to indemnify Plaintiffs under the Policy for any "Loss"

27    arising out of the Underlying Action.

28        54.    Plaintiffs therefore desire a judicial declaration from this Court that Starr

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

FIRST *AMENDED* COMPLAINT FOR DECLARATORY JUDGMENT & BREACH OF CONTRACT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 is obligated to indemnify Plaintiffs in the Underlying Action and must pay Plaintiffs'

2 "Loss," consistent with the terms of the Policy.

3     55.    Such a declaration is necessary and appropriate at this time so that

4 Plaintiffs, on the one hand, and Starr, on the other hand, may ascertain their respective

5 rights and duties under the Policy.

**FOURTH CAUSE OF ACTION – BREACH OF CONTRACT**

**(DUTY TO INDEMNIFY)**

8     56.    Plaintiffs incorporate by reference, as though fully set forth herein, the

9 allegations set forth in Paragraphs 1 through 55 above.

10     57.    Plaintiffs are insured under the Policy.

11     58.    Pursuant to the terms of the Policy, Starr is obligated to indemnify

12 Plaintiffs for "Loss" as a result of the Underlying Action because the Underlying

13 Action constitutes a "Claim" for "Wrongful Acts."

14     59.    The Policy states that Starr must pay for "Loss" as a result of a "Claim"

15 which includes, among other things, "damages, settlements, or judgments" and

16 "Defense Costs."  Ex. A at 2(h)(1),(6).

17     60.    Starr has taken the position that there is no coverage under the Policy for

18 Plaintiffs for the Underlying Action and has refused to indemnify Plaintiffs for all

19 "Loss" arising out of the Underlying Action, thereby violating its obligations under

20 the Policy.  Starr has expressly and clearly denied all insurance coverage to Plaintiffs

21 for the Underlying Action.

22     61.    In expressly refusing to indemnify Plaintiffs for "Loss" as a result of the

23 Underlying Action, including any damages, settlements, judgments and Defense Costs

24 incurred, Starr has effectively abandoned its insureds, repudiated its contractual

25 obligations, and, therefore, breached the terms of the Policy.

26     62.    Starr committed substantial and material breaches of its contractual

27 obligations under the Policy by wrongfully failing to indemnify Plaintiffs fully for the

28

1    Underlying Action, including by expressly denying any obligation to pay any "Loss,"

2    as defined by the Policy, arising out of the Underlying Action.

3        63.    Plaintiffs have timely complied with all applicable conditions precedent

4    to the coverage provided to them as insureds under the Policy, and Starr has waived

5    all applicable conditions precedent to the coverage provided to Plaintiffs as insureds

6    under the Policy, and/or is estopped from asserting the applicable conditions precedent

7    as defenses to coverage, and/or has not been prejudiced by any failure by Plaintiffs to

8    comply with any conditions precedent to coverage.

9        64.    As a direct and proximate result of Starr's contractual breach of the

10    Policy, Plaintiffs have sustained substantial damages, including unpaid defense

11    invoices since December 2018.  Further, Plaintiffs will continue to suffer substantial

12    damage because they will continue to incur covered "Loss" as a result of the

13    Underlying Action, in an amount to by shown by proof.

### PRAYER FOR RELIEF

15        WHEREFORE, Plaintiffs pray that the Court enter judgment against Starr as

16    follows:

17        1.    A declaration, pursuant to California Code of Civil Procedure Section

18    1060, that Starr is obligated to indemnify Plaintiffs for the Underlying Action;

19        2.    A declaration, pursuant to California Code of Civil Procedure Section

20    1060, that Starr is obligated to provide a defense to Plaintiffs for the Underlying

21    Action and pay its Defense Costs;

22        3.    For actual and consequential damages in an amount to be shown by proof

23    against Starr, plus interest;

24        4.    Such orders as are necessary to effectuate this relief and/or preserve this

25    Court's jurisdiction over the parties and issues herein;

26        5.    For costs of suit; and

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

FIRST *AMENDED* COMPLAINT FOR DECLARATORY JUDGMENT & BREACH OF CONTRACT

6.   Such other and further relief as this Court deems appropriate.

DATED:  June 14, 2019

REED SMITH LLP

By: _____
David M. Halbreich
Amber S. Finch
Connor T. O'Carroll
Attorney for Plaintiffs
Adir International, LLC; and Ron Azarkman

FIRST *AMENDED* COMPLAINT FOR DECLARATORY JUDGMENT & BREACH OF CONTRACT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## TABLE OF CONTENTS TO EXHIBITS

| Exhibit | Description | Page Nos. |
|---|---|---|
| A | Starr Indemnity & Liability Company Policy No. 1000620507171 [REDACTED] | 15 – 57 |
| B | Complaint in the Underlying Action: *The People of the State of California v. ADIR International LLC, dba Curacao and La Curacao, et al.*, filed on October 19, 2017 in the Superior Court of California County of Los Angeles under Case Number BC680425 | 58 – 76 |

FIRST *AMENDED* COMPLAINT FOR DECLARATORY JUDGMENT & BREACH OF CONTRACT