TROUTMAN SANDERS LLP
Kevin F. Kieffer, Bar No. 192193
kevin.kieffer@troutman.com
Ryan C. Tuley, Bar No. 198249
ryan.tuley@troutman.com
Michael L. Huggins, Bar No. 305562
michael.huggins@troutman.com
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone: 949.622.2700
Facsimile:  949.622.2739

Attorneys for Defendant and Counter-Claimant
STARR INDEMNITY & LIABILITY COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADIR INTERNATIONAL, LLC, a Delaware Limited Liability Company, DBA CURACAO (formerly known as La Curacao); and RON AZARKMAN, an individual,<br><br>                    Plaintiffs,<br><br>          v.<br><br>STARR INDEMNITY & LIABILITY COMPANY and DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No. 2:19-cv-04352-R-PLA<br><br>Honorable Manuel L. Real<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STARR INDEMNITY & LIABILITY COMPANY'S MOTION FOR SUMMARY JUDGMENT AS TO ADIR'S FIRST AMENDED COMPLAINT AND PARTIAL SUMMARY JUDGMENT AS TO ITS COUNTERCLAIMS** |
| STARR INDEMNITY & LIABILITY COMPANY and DOES 1 through 100, inclusive,<br><br>                    Counter-Claimant,<br><br>          v.<br><br>ADIR INTERNATIONAL, LLC, a Delaware Limited Liability Company, DBA CURACAO (formerly known as La Curacao); and RON AZARKMAN, an individual,<br><br>                    Counter-Defendants. | **Date:       September 9, 2019**<br>**Time:       10:00 a.m.**<br>**Place:      Courtroom 880** |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

39126868

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................. 1

II.   FACTUAL BACKGROUND ................................................................ 2

    A.    California Insurance Code § 533.5 ...................................... 2

    B.    The Policy .............................................................................. 3

    C.    The Underlying Action .......................................................... 4

    D.    The AGO Informed Starr that Section 533.5 Prohibits Coverage for the Underlying Action ........................................ 4

III.  ARGUMENT ....................................................................................... 6

    A.    Legal Standards ..................................................................... 6

        1.    California Substantive Law Applies .......................... 6

        2.    The Duty to Defend and The Duty to Indemnify ...... 6

        3.    Summary Judgment as to Coverage is Appropriate .... 7

    B.    Starr Does Not Have and Never Had A Duty to Defend Adir in the Underlying Action per Section 533.5 ............. 8

        1.    Section 533.5 Applies to Lawsuits Containing Allegations of Predicate Statutory Violations in support of a UCL Cause of Action ............................... 9

        2.    Section 533.5 Applies to Lawsuits that Seek Fines, Penalties or Restitution, even if Additional Injunctive Relief is Also Sought .......................... 12

    C.    Starr Does Not Have and Never Had A Duty to Indemnify Adir in the Underlying Action per Section 533.5 ........ 14

    D.    Starr is Entitled to Reimbursement of Defense Payments because the Underlying Action Is Not Potentially Covered by the Policy ............................................................ 15

    E.    Starr is Entitled to Restitution by Adir for Any and All Amounts Starr Paid or Pays in Connection with the Underlying Action to the Prevent Unjust Enrichment of Adir ........................................................... 16

    F.    Section 533.5 Precludes Any Relief under the FAC ......... 17

IV.   CONCLUSION ................................................................................. 17

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STARR'S MOTION FOR SUMMARY JUDGMENT/PARTIAL SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Admiral Insurance Co. v. North American Arms, Inc.*,
  2003 WL 21588226 (Cal. Ct. App. July 11, 2003) ........................................ 9, 14

*Allen v. Steadfast Insurance Co.*,
  2014 WL 12569527 (C.D. Cal. Aug. 22, 2014) ................................. 8, 10, 13, 14

*Arrow Elecs., Inc. v. Aetna Cas. & Sur. Co.*,
  2018 WL 2278247 (C.D. Cal. May 15, 2018) ........................................................ 6

*Bank of the West v. Superior Court*,
  2 Cal. 4th 1254 (1992) ........................................................................................ 11

*Bay Cities Paving Grading, Inc. v. Lawyers' Mutual Ins. Co.*,
  5 Cal. 4th 854 (1993) ............................................................................................ 6

*People ex rel. Bill Lockyer v. Fremont Life Ins. Co.*,
  104 Cal. App. 4th 508 (2002) .............................................................................. 10

*Buss v. Superior Court*,
  16 Cal. 4th 35 (1997) ....................................................................................... 6, 16

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .............................................................................................. 7

*Gray v. Zurich Ins. Co.*,
  65 Cal. 2d 263 (1966) ............................................................................................ 6

*Hyan v. Hummer*,
  825 F.3d 1043 (9th Cir. 2016) .............................................................................. 6

*Klein v. United States*,
  50 Cal. 4th 68 (2010) .......................................................................................... 13

*Lindsey v. Admiral Ins. Co.*,
  804 F. Supp. 47 (N.D. Cal. 1992) ....................................................................... 17

*Millennium Labs., Inc. v. Allied World Assur. Co. (U.S.), Inc.*,
  165 F. Supp. 3d 931 (S.D. Cal. 2016), .............................................................. 15

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STARR'S MOTION FOR
SUMMARY JUDGMENT/PARTIAL SUMMARY JUDGMENT

1
2

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*Montrose Chem. Corp. v. Superior Court*,
6 Cal. 4th 287 (1993) ................................................................................. 6

*Mt. Hawley Ins. Co. v. Lopez*,
215 Cal. App. 4th 1385 (2013) .......................................................... *passim*

*Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*,
701 F.2d 95 (9th Cir. 1983) ........................................................................ 7

*Prudential Ins. Co. of America, Inc. v. Superior Court*,
98 Cal. App. 4th 585 (2002) ....................................................................... 7

*Rizzo v. Ins. Co. of Pa.*,
969 F. Supp. 2d 1180 (C.D. Cal. 2013) ...................................................... 7

*Rose v. Bank of Am., N.A.*,
57 Cal. 4th 390 (2013) .............................................................................. 12

*Scottsdale Ins. Co. v. MV Transp.*,
36 Cal. 4th 643 (2005) ........................................................................ 16, 17

*Stanford Ranch, Inc. v. Maryland Cas. Co.*,
89 F.3d 618 (9th Cir. 1996) ........................................................................ 7

*United Community & Housing Development Corp. v. Ace Property &*
*Casualty Insurance Co.*,
2004 WL 2633921 (Cal. Ct. App. Nov. 19, 2004) ............................... 9, 15

*Waller v. Truck Ins. Exchange, Inc.*,
11 Cal. 4th 1 (1995) ................................................................................... 6

**Statutes**

Fed. R. Civ. P. 56(a) .......................................................................................... 7

Cal. Bus. & Prof. Code § 17203 ...................................................................... 13

Cal. Ins. Code § 533.5 ............................................................................. *passim*

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1   Defendant and Counter-Claimant, Starr Indemnity & Liability Company

2   ("Starr") submits this memorandum of points and authorities in support of its

3   motion against Plaintiffs and Counter-Defendants,  Adir International, LLC and

4   Ron Azarkman (collectively, "Adir") for summary judgment on Adir's First

5   Amended Complaint ("FAC") and to partial summary judgment on Starr's

6   counterclaims.

## I.    **INTRODUCTION**

8   Adir contends that it is entitled to coverage under an insurance policy that

9   Starr issued to Adir for a lawsuit (the "Underlying Action") brought by the

10  California Attorney General's Office ("AGO").  Starr contends that coverage for

11  the Underlying Action is statutorily prohibited under California Insurance Code

12  section 533.5 ("Section 533.5").  The parties agree that the application of Section

13  533.5 concerns strictly questions of law which are properly decided on summary

14  judgment.  In this regard, the parties stipulated to the filing of and are filing cross-

15  motions for summary judgment/partial summary judgment.  The questions

16  presented are (1) whether Section 533.5 prohibits coverage for the Underlying

17  Action and, (2) if it does, whether Starr is entitled to reimbursement for the

18  amounts it has paid to defend Adir in the Underlying Action.

19  Section 533.5 prohibits coverage for any action brought by the AGO seeking

20  a fine, penalty, or restitution under California's Unfair Competition Law ("UCL")

21  or False Advertising Law ("FAL") (i.e., Business and Professional Code Sections

22  17200, *et seq.* and 17500, *et seq.*, respectively).  In the Underlying Action, the

23  AGO has sued Adir under the UCL and the FAL and seeks a permanent injunction,

24  civil penalties, restitution, and other equitable relief.  By its express terms, Section

25  533.5 clearly applies and precludes insurance coverage for the Underlying Action.

26  Nevertheless, Adir argues that Section 533.5 does not apply because the Underlying

27  Action alleges additional predicated acts in support of the AGO's second cause of

28  action under the UCL and because the Underlying Action seeks injunctive relief in

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

addition to fines, penalties, or restitution. However, such limitations do not appear anywhere in Section 533.5 and would be inconsistent with California courts' broad application of the statute.

Therefore, Starr is entitled to summary judgment on Adir's FAC and to partial summary judgment on Starr's counterclaims seeking judicial declarations that Section 533.5 prohibits coverage for the Underlying Action and that Starr is entitled to reimbursement of amounts it has paid in defending Adir in the Underlying Action.

## II.   FACTUAL BACKGROUND

### A.   California Insurance Code § 533.5

Section 533.5 states as follows:

(a) No policy of insurance shall provide, or be construed to provide, any coverage or indemnity for the payment of any fine, penalty, or restitution in any criminal action or proceeding or in any action or proceeding brought pursuant to Chapter 5 (commencing with Section 17200) of Part 2 of, or Chapter 1 (commencing with Section 17500) of Part 3 of, Division 7 of the Business and Professions Code by the Attorney General, any district attorney, any city prosecutor, or any county counsel, notwithstanding whether the exclusion or exception regarding this type of coverage or indemnity is expressly stated in the policy.

(b) No policy of insurance shall provide, or be construed to provide, any duty to defend, as defined in subdivision (c), any claim in any criminal action or proceeding or in any action or proceeding brought pursuant to Chapter 5 (commencing with Section 17200) of Part 2 of, or Chapter 1 (commencing with Section 17500) of Part 3 of, Division 7 of the Business and Professions Code in which the recovery of a fine, penalty, or restitution is sought by the Attorney General, any district attorney, any city prosecutor, or any county counsel, notwithstanding whether the exclusion or exception regarding the duty to defend this type of claim is expressly stated in the policy.

(c) For the purpose of this section, "duty to defend" means the insurer's right or obligation to investigate, contest, defend, control the defense of, compromise, settle, negotiate the compromise or settlement of, or indemnify for the cost of any aspect of defending any claim in any criminal action or

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

proceeding or in any action or proceeding brought pursuant to Chapter 5 (commencing with Section 17200) of Part 2 of, or Chapter 1 (commencing with Section 17500) of Part 3 of, Division 7 of the Business and Professions Code in which the insured expects or contends that (1) the insurer is liable or is potentially liable to make any payment on behalf of the insured or (2) the insurer will provide a defense for a claim even though the insurer is precluded by law from indemnifying that claim.

(d) Any provision in a policy of insurance which is in violation of subdivision (a) or (b) is contrary to public policy and void.

Cal. Ins. Code § 533.5.

## B.    The Policy

Starr provided directors-and-officers ("D&O") liability coverage to Adir under Resolute Portfolio for Private Companies Policy No. 1000620507171 (the "Policy").[1] (Separate Statement of Undisputed Facts ("SUF") ¶ 1; Declaration of Jim S. Byun ("Byun Decl."), ¶ 2 Ex. A.)  Section 21 of the Policy's General Terms & Conditions contains a "Conformity to Statute" provision, which states in relevant part, that "[a]ny terms of this policy which are in conflict with the terms of any applicable laws construing this policy, . . . are hereby amended to conform to such laws." (SUF ¶ 2; *Id.*)

The Policy also provides an express right to reimbursement of payments of uncovered **Loss** under Section 6 of the Policy's General Terms & Conditions, which states that, "[i]n the event and to the extent that the **Insureds** shall not be entitled to payment of such **Loss** under the terms and conditions of this policy, such payments by the **Insurer** shall be repaid to the **Insurer** by the **Insureds**, severally according to their respective interests." (SUF ¶ 3; *Id.*)  Section 2(h) of Policy's D&O Liability Coverage Section defines **Loss** to include, in part, damages, settlements or judgments and **Defense Costs**. (SUF ¶ 4; *Id.*)  **Loss** does not include any amounts for which the **Insureds** are not legally liable. (SUF ¶ 4; *Id.*)

---

[1] Bolded terms are defined in the Policy.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

### C.   The Underlying Action

On October 26, 2017, Adir provided notice to Starr of the Underlying Action. (SUF ¶ 5; Byun Decl., ¶ 3 Ex. B; Request for Judicial Notice ("Starr's RJN"), ¶ 1.) The Underlying Action seeks a permanent injunction, civil penalties, restitution, and other equitable relief under the UCL and FAL based on allegations that the Adir violated consumer protection laws through, among other things, bait-and-switch advertising and bundling, store credit practices, contract add-ons, contract translation deficiencies, warranties, return practices, debt collection, and small claims tactics.[2] (SUF ¶¶ 6-12; *Id*.)

By letter dated December 15, 2017, Starr agreed, subject to a full reservation of rights under the terms and conditions of the Policy, to provide a defense to Adir in the Underlying Action. (SUF ¶ 13; Byun Decl., ¶ 4 Ex. C.)

### D.   The AGO Informed Starr that Section 533.5 Prohibits Coverage for the Underlying Action

By letter dated March 8, 2019, the AGO advised Starr that Section 533.5 prohibits coverage for Adir in the Underlying Action because the Underlying Action alleges claims under the provisions of the UCL and FAL, and seeks fines, penalties, or restitution (the "March 8 AGO Letter"). (SUF ¶ 14; Byun Decl., ¶ 5 Ex. D.)

On March 29, 2019, Starr sent an email to Adir's counsel in the Underlying Action stating that based on the March 8 AGO Letter, Starr would stop paying defense costs and continued to reserve its rights to seek reimbursement of all amounts paid to date. (SUF ¶ 15; Byun Decl., ¶ 6 Ex. E.)

On April 5, 2019, Adir sent a letter to Starr arguing that Section 533.5 does not apply to the Underlying Action because (1) the AGO, in support of its second

---

[2] Starr understands that, on May 2, 2019, the AGO filed a motion seeking leave to file an amended complaint in the Underlying Action, and that such motion subsequently was denied.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1   cause of action under the UCL, includes allegations that other statues were violated

2   and (2) the AGO seeks injunctive relief in addition to "a fine, penalty, or

3   restitution." (SUF ¶ 16; Byun Decl., ¶ 7 Ex. F.)

4         On April 12, 2019, Starr, by and through its counsel, sent a letter to the AGO

5   seeking clarification regarding the AGO's position as to the application of Section

6   533.5 to the Underlying Action in light of the fact that Adir was disputing the

7   AGO's position. (SUF ¶ 17; Byun Decl., ¶ 8 Ex. G.)

8         On April 17, 2019, Adir initiated this insurance coverage action against Starr

9   in California state court (the "Coverage Action"). (Dkt. No. 1, Ex. A.)

10        On May 13, 2019, the AGO issued a letter further clarifying its position with

11   respect to Section 533.5 (the "May 13 AGO Letter"), where the AGO confirmed its

12   position that Section 533.5 "clearly prohibits any defense or indemnity coverage for

13   [the Underlying Action], even though injunctive relief is sought and even though

14   the complaint alleges other statutory violations as predicate unlawful acts under the

15   UCL cause of action." (SUF ¶ 18; Byun Decl., ¶ 11 Ex. H.)

16        On May 17, 2019, Starr issued a letter, through counsel, to Adir advising that

17   it agreed with the AGO's determination that Section 533.5 precluded Starr from

18   providing defense and indemnity coverage to Adir in the Underlying Action, and

19   further advising that Starr would seek a judicial determination confirming the

20   accuracy of its and the AGO's assessment regarding the applicability of Section

21   533.5 to the Underlying Action. (SUF ¶ 19; Byun Decl., ¶ 12 Ex. I.)

22        On May 20, 2019, Starr removed this Coverage Action to this Court. (Dkt.

23   No. 1.)  On May 24, 2019, Starr filed its Answer to the Complaint and

24   Counterclaim. (Dkt. No. 5.)

25        On June 14, 2019, Adir filed the FAC in this Coverage Action alleging

26   causes of action for declaratory relief and breach of contract regarding the duty to

27   defend and for declaratory relief and breach of contract regarding the duty to

28   indemnify. (Dkt. No. 12.)  On June 27, 2019, Starr filed an Answer to the FAC.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    (Dkt. No. 13.)

2    **III.    ARGUMENT**

3        **A.    Legal Standards**

4            **1.    California Substantive Law Applies**

5            In this diversity action, state substantive law and federal procedural law

6    apply.  *See Hyan v. Hummer*, 825 F.3d 1043, 1047 (9th Cir. 2016).  Under

7    California choice-of-law rules, California law governs any rights and obligations of

8    the parties regarding coverage under the Policy here because the Policy was issued

9    in California, and the Underlying Action is in California state court.  *See, e.g.*,

10   *Arrow Elecs., Inc. v. Aetna Cas. & Sur. Co.*, No. CV 17-5247-JFW(JEMX), 2018

11   WL 2278247, at *5 (C.D. Cal. May 15, 2018) (applying California law because the

12   insurance policies were "accepted," and thus, were "made" in California).

13           **2.    The Duty to Defend and The Duty to Indemnify**

14           A duty to defend is only owed to an insured where a claim asserted against

15   the insured implicates a potential for indemnification under the insurance

16   policy.  *See, e.g., Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 299-300

17   (1993).  "[W]here the extrinsic facts eliminate the potential for coverage, the

18   insurer may decline to defend even when the bare allegations in the complaint

19   suggest potential liability.  This is because the duty to defend, although broad, is

20   not unlimited; it is measured by the nature and kinds of risks covered by the

21   policy." *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 19 (1995); *see also,*

22   *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 276 (1966).  Additionally, the duty to

23   indemnify runs only to claims that are "actually covered, in light of the facts

24   proved. . . . It arises only after liability is established." *Buss v. Superior Court*, 16

25   Cal. 4th 35, 45-46 (1997).

26           Under California law, policy language "must be interpreted as a whole, and

27   in the circumstances of the case, and cannot be found to be ambiguous in the

28   abstract." *Waller*, 11 Cal. 4th at 18-19; *see also Bay Cities Paving Grading, Inc. v.*

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

*Lawyers' Mutual Ins. Co.*, 5 Cal. 4th 854, 867 (1993).  Accordingly, "[t]he plain meaning of a policy provision governs," and courts have applied those plain meaning interpretations in granting motions for summary judgment.  *Prudential Ins. Co. of America, Inc. v. Superior Court*, 98 Cal. App. 4th 585, 599 (2002) (noting that "an insured's reasonable expectations are not considered except where the policy provisions are ambiguous").

Additionally, California law prescribes a three-step approach to statutory interpretation, which begins with looking to the words of the statute. *Mt. Hawley Ins. Co. v. Lopez*, 215 Cal. App. 4th 1385, 1397 (2013).  The court "[does] not necessarily engage in all three steps of the analysis." *Id*.  Only if the meaning of the words is not clear will a court move to the second step of looking at the legislative history. *Id*.  Finally, if the legislative history does not resolve the ambiguity, the court will "cautiously" undertake the interpretative process of applying "reason, practicality, and common sense to the language at hand." *Id*.

### 3.    Summary Judgment as to Coverage is Appropriate

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In the insurance coverage context, summary judgment is appropriate where, as here, the issue centers on the application of the law and policy language to uncontroverted facts. *See Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). This is because "[t]he interpretation of an insurance policy is a question of law." *Stanford Ranch, Inc. v. Maryland Cas. Co.*, 89 F.3d 618, 624 (9th Cir. 1996); *Rizzo v. Ins. Co. of Pa.*, 969 F. Supp. 2d 1180, 1202-03 (C.D. Cal. 2013) (insurer entitled to summary judgment that it had no duty to defend insured in criminal actions under Section 533.5).

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**B.**   **Starr Does Not Have and Never Had A Duty to Defend Adir in the Underlying Action per Section 533.5**

Section 533.5(b) prohibits Starr from defending Adir in the Underlying Action and thereby eliminates any duty to defend.  The statute precludes an insurer from providing a defense in any action brought by the AGO under the UCL or the FAL that seeks a fine, penalty, or restitution. Cal. Ins. Code § 533.5(b).  Subsection (c) of the statute broadly defines the "duty to defend" as concerning *any aspect* of defending *any claim* in *any action* in Subsections (a) and (b). Cal. Ins. Code § 533.5(c).  The provisions of Section 533.5 are expressly incorporated into the terms and conditions of the Policy by and through the Policy's Conformity to Statute provision. (SUF ¶ 2; Byun Decl. ¶ 2 Ex. A.)  Moreover, even if the Policy did not contain such a provision, any right or duty to defend under the Policy would be declared "contrary to public policy and void" under Section 533.5(d).  *See* Cal. Ins. Code § 533.5(d).

Here, the AGO's First Cause of Action in the Underlying Action alleges that Adir violated the FAL by making false or misleading statements to induce consumers to purchase its products. (SUF ¶¶ 6, 7; Byun Decl., ¶ 3 Ex. B; Starr's RJN, ¶ 1.)  The Second Cause of Action alleges that Adir violated the UCL by engaging in unlawful, unfair, or fraudulent acts or practices constituting unfair competition. (SUF ¶¶ 6, 8; Byun Decl., ¶ 3 Ex. B; Starr's RJN, ¶ 1.)  In support of this Second Cause of Action, the AGO alleges violations of multiple other California statutes by Adir. *Id*.

Consistent with the statutory text and legislative history of Section 533.5 discussed below, courts continually have broadly applied Section 533.5 to preclude coverage for actions that, like the Underlying Action, were brought by a state prosecutor under the UCL or the FAL.  For example, in *Allen v. Steadfast Insurance Co*., No. CV 14-1218 JC, 2014 WL 12569527, at *14, *17 (C.D. Cal. Aug. 22, 2014), where the underlying action brought by the Los Angeles City

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Attorney alleged multiple statutory violations by the insured energy company, the court determined that the civil penalties and injunctive relief sought pursuant to the UCL were not insurable damages because Section 533.5 "expressly prohibits insurers from providing coverage or a defense for any claims brought pursuant to the UCL." *Id.*

In *United Community & Housing Development Corp. v. Ace Property & Casualty Insurance Co.*, No. B166360, 2004 WL 2633921, at *4 (Cal. Ct. App. Nov. 19, 2004), where the Los Angeles City Attorney sought civil penalties and injunctive relief pursuant to the UCL and the False Claims Act regarding fraud and tenant abuse, the court determined there was no duty to defend because "the complaint was filed by public and private attorneys general who sought only prospective equitable relief from unfair, unlawful and fraudulent business practices-claims that are uninsurable as a matter of law." *Id.* Specifically, the court stated that under Section 533.5, and consistent with the Unfair Business Practices Act, "[i]nsurance coverage is not available for claims under the UCL." *Id.* at *4, n.7.

Additionally, in *Admiral Insurance Co. v. North American Arms, Inc.*, No. E032304, 2003 WL 21588226, at *7 (Cal. Ct. App. July 11, 2003), where the underlying action brought by city attorneys against the insured arms manufacturer for of action for public nuisance, deceptive advertising in violation of the UCL and the FAL, the court determined that there was no potential for coverage regarding the declaratory and injunctive relief sought because, under Section 533.5, "such coverage is not permitted by law." *Id.*

**1.** **Section 533.5 Applies to Lawsuits Containing Allegations of Predicate Statutory Violations in support of a UCL Cause of Action**

Adir contends that Section 533.5 does not apply because predicate unlawful acts and statutory violations are alleged in support of the AGO's Second Cause of Action for violations of the UCL. (SUF ¶ 16; Byun Decl., ¶ 7 Ex. F.) Notably, however, there are no causes of action asserted under predicate statutes raised in

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

connection with the UCL claim. (SUF ¶¶ 6, 8; Byun Decl., ¶ 3 Ex. B; Starr's RJN, ¶ 1.)  Likewise, Section 533.5(b) does not contain a carve out for UCL or FAL claims that are based in part on violations of other predicate statutes, which is almost always the case.  *See, e.g.*, *People ex rel. Bill Lockyer v. Fremont Life Ins. Co.*, 104 Cal. App. 4th 508, 515 (2002) ("'[V]irtually any state, federal or local law can serve as the predicate for an action' under [the UCL].  '[I]n essence, an action based on [the UCL] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under [the UCL] and subject to the distinct remedies provided thereunder.'  The UCL remedies and penalties are cumulative to those imposed under the other laws.").

As discussed above, a three-step process applies to interpreting statutes under California law, beginning with looking to the words of the statute. *Lopez*, 215 Cal. App. 4th at 1397.  The court "[does] not necessarily engage in all three steps of the analysis" but, only if the meaning of the words is not clear, will move to the second step of looking at the legislative history. *Id.*  Finally, if the legislative history does not resolve the ambiguity, the court will "cautiously" interpret the statute by applying "reason, practicality, and common sense to the language at hand." *Id.*

Here, the words of Section 533.5 clearly and unambiguously provide that the statute applies to "in any action or proceeding brought pursuant to" the UCL or FAL. Cal. Ins. Code § 533.5.  Regardless of any predicate statutory violations alleged in the Underlying Action in support of the second cause of action under the UCL, the Underlying Action was brought pursuant to the UCL and FAL, which are the only two causes of action in the Underlying Action.  Even in *Allen*, 2014 WL 12569527, at *14-15, which alleged additional causes of action outside of the UCL or the FAL, the court stated that the insured's request for civil penalties and for injunctive relief under the UCL did not constitute covered "damages" pursuant to Section 533.5. *Id.*  Thus, as evidenced by the plain text of the statute, Section 533.5

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STARR'S MOTION FOR SUMMARY JUDGMENT/PARTIAL SUMMARY JUDGMENT

1  applies to the Underlying Action here regardless of any alleged predicate unlawful

2  acts in support of the second cause of action under the UCL.

3       Even if the text of Section 533.5 was ambiguous as to whether it applies

4  where predicate unlawful acts are alleged (and it is not), the statute's legislative

5  history does not support the limitation that Adir contends should be read into the

6  statute.  Section 533.5 was intended, generally, "to hold alleged violators of the

7  UCL or the FAL 'personally accountable' for behavior which constitutes an unfair

8  business practice or false and misleading advertising" and to "avoid 'the litigation

9  becom[ing] a contest between the public entity and the insurance company in which

10 the involvement of the person whose conduct is at issues is almost negligible."

11 (SUF ¶ 20; Assem. Com. on Finance and Ins., Analysis of AB 3920 (1987–1988

12 Reg. Sess.) Apr. 19, 1988, p. 2, Declaration of Michael L. Huggins ("Huggins

13 Decl."), ¶ 4 Ex. A; Starr's RJN, ¶ 2.); *Lopez*, 215 Cal. App. 4th at 1403; *see also*

14 *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1271 (1992) (legislative

15 history of Section 533.5 "might support the inference that the Legislature has

16 equated actions under the Unfair Business Practices Act with criminal actions, at

17 least for insurance purposes").

18      In urging the legislature to pass Section 533.5, the California Attorney

19 General sought to address "'a problem which arises under current law when the

20 Attorney General . . . seeks to enforce [the UCL and FAL],' because '[i]n many

21 instances" the defendants were claiming "that the conduct involved is covered by

22 their business insurance policy.'" *Lopez*, 215 Cal. App. 4th at 1402; (SUF ¶ 22;

23 Office of the Atty. Gen., letters to Assemblyman Patrick Johnston, Chair of the

24 Assem. Com. on Finance and Ins., and Senator Alan Robbins, Chair of The Senate

25 Ins. Com. AB 3920, Apr. 12, 1988, p. 1; Huggins Decl., ¶¶ 9 Ex. E, 10 Ex. F;

26 Starr's RJN, ¶¶ 6, 7.)  Such cases became "'impossible to settle because the

27 defendants refuse[d] to make restitution of unlawfully obtained property or to pay

28 any civil penalty out of their own funds,' and law enforcement agencies would not

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STARR'S MOTION FOR
SUMMARY JUDGMENT/PARTIAL SUMMARY JUDGMENT

accept any settlement 'paid by the insurer because such a settlement does not impose any penalty for unlawful conduct directly on the defendant and permits the defendant to retain the ill-gotten gains . . .'" *Lopez*, 215 Cal. App. 4th at 1403; (SUF ¶ 24; Office of the Atty. Gen., Bill Proposal Summary of AB 3920 (1989-1990 Reg. Sess.), (undated) at p. 1; Huggins Decl., ¶ 8 Ex. D; Starr's RJN, ¶ 5.)  As such, the cases would "consume a large measure of prosecutorial resources during extensive litigation financed without cost to the defendant by the insurer which should have no obligation to pay the judgment ultimately awarded." *Id.*

Thus, the Attorney General explained that "[n]o legitimate public purpose is served by allowing such fines and penalties to be paid by insurance companies[.]" *Lopez*, 215 Cal. App. 4th at 1404; (SUF ¶ 23; Office of the Atty. Gen., letters to Assemblyman Patrick Johnston, Chair of the Assem. Com. on Finance and Ins., and Senator Alan Robbins, Chair of The Senate Ins. Com. AB 3920, Apr. 12, 1988, p. 2; Huggins Decl., ¶¶ 9 Ex. E, 10 Ex. F; Starr's RJN, ¶¶ 6, 7 .)  Here, to limit the application of Section 533.5 to cases that do not allege additional predicated statutory violations in support of violations of the UCL or the FAL would frustrate the statute's intended purpose of holding violators of the UCL and the FAL personally accountable and leveling the financial playing field for prosecutors.

Nor would "reason, practicality, and common sense" support Adir's reading of the statute, which would lead to the indefensible result that an action that otherwise would fall within Section 533.5 would evade the statute's grasp merely because predicate violations of other statutes are alleged in support of a cause of action under the UCL or the FAL.  As the AGO explained in the May 13 AGO Letter, the UCL claim in the Underlying Action is separate from the predicate violations, and the Underlying Action does not seek to enforce the statutes cited in such predicate unlawful acts. (SUF ¶ 18; Byun Decl., ¶ 11 Ex. H.)  Rather, the UCL "provides its own distinct and limited equitable remedies for unlawful business practices, using other laws only to define what is 'unlawful.'" *Rose v. Bank of Am.,*

- 12 -

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

*N.A.*, 57 Cal. 4th 390, 397 (2013).

> **2.    Section 533.5 Applies to Lawsuits that Seek Fines, Penalties or Restitution, even if Additional Injunctive Relief is Also Sought**

Adir also contends that Section 533.5 does not apply is because the Underlying Action alleges injunctive relief in addition to any fine, penalty, or restitution. (SUF ¶ 16; Byun Decl., ¶ 7 Ex. F.)  Such argument, again, is based on Adir's reading of a limitation into Section 533.5 that does not appear anywhere in the statute.  In fact, subsection (b) does the opposite by, on its face, making it clear that it applies broadly.  It prohibits a defense for any action or proceeding brought pursuant to the UCL or the FAL "***in which*** the recovery of a fine, penalty, or restitution is sought . . . ." Cal. Ins. Code § 533.5(b) (emphasis added).  Nowhere in Section 533.5 does it say that the statute applies where "only" a fine, penalty, or restitution is sought.  Here, the undisputed facts establish that the Underlying Action is a civil action brought pursuant to the UCL and the FAL "in which" the AGO seeks a fine, penalty, or restitution, and therefore, falls within Section 533.5. (SUF ¶¶ 6-12, 18; Byun Decl., ¶¶ 3 Ex. B, 11 Ex. H; Starr's RJN.)

Adir's reading of Section 533.5 also is untenable because the UCL itself provides a right of action to seek injunctive relief.  *See* Cal. Bus. & Prof. Code § 17203 ("Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction.").  Indeed, as the AGO stated in the May 13 AGO Letter, restitution ***is*** a form of injunctive relief, and "every FAL or UCL action seeking restitution is an action for injunctive relief." (SUF ¶ 18; Byun Decl., ¶ 11 Ex. H.)  Consistent with such interpretation, as noted above, the court in *Allen*, 2014 WL 12569527, at *14, stated that no reasonable factfinder could conclude that a request for injunctive relief constitutes insurable "damages" because Section 533.5 "expressly prohibits insurers from providing coverage or a defense for any claims brought pursuant to the UCL." *Id*.  Adir cannot reasonably maintain that an action seeking only "restitution" may fall within

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

1 Section 533.5 but not an action alleging other injunctive relief.

2 Additionally, the limitation Adir reads into Section 533.5 would undermine

3 the statute's purpose if adopted.  *See Klein v. United States*, 50 Cal. 4th 68, 77

4 (2010) (in construing statutes under California law, courts "aim to ascertain the

5 intent of the enacting legislative body so that we may adopt the construction that

6 best effectuates the purpose of the law").  As discussed above, Section 533.5 was

7 intended to hold alleged violators of the UCL or the FAL personally accountable

8 and to avoid a contest between the AGO and insurers. (SUF ¶ 20; Assem. Com. on

9 Finance and Ins., Analysis of AB 3920 (1987–1988 Reg. Sess.) Apr. 19, 1988, p. 2;

10 Huggins Decl., ¶ 4 Ex. A; Starr's RJN, ¶ 2); *Lopez*, 215 Cal. App. 4th at 1403.

11 Limiting the application of Section 533.5 to cases that allege "only" a fine, penalty,

12 or restitution, in addition to lacking any support in the plain text of the statute,

13 would frustrate the statute's intended purpose.

14 Accordingly, Starr respectfully requests that the Court grant Starr's motion

15 for summary judgment on Adir's FAC and for partial summary judgment on Starr's

16 counterclaims and issue a judicial declaration that, pursuant to Section 533.5, Starr

17 does not have and never had a duty to defend Adir in the Underlying Action.

### C. <u>Starr Does Not Have and Never Had A Duty to Indemnify Adir in the Underlying Action per Section 533.5</u>

20 Section 533.5 also bars indemnity for the Underlying Action.  Subsection (a)

21 of the statute states that an insurance policy shall not provide or be construed to

22 provide any coverage or indemnity for the payment of any fine, penalty, or

23 restitution in any action brought by the AGO pursuant to the UCL or the FAL. Cal.

24 Ins. Code § 533.5(a).  Here, as discussed above, Section 533.5 applies because the

25 AGO brought the Underlying Action against Adir under the UCL and the FAL

26 seeking relief including a fine, penalty, or restitution. (SUF ¶¶ 6-12, 18; Byun

27 Decl., ¶¶ 3 Ex. B, 11 Ex. H; Starr's RJN.)

28 Further, and as also discussed above, consistent with the text and legislative

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

history of Section 533.5, courts have broadly applied the statute to preclude coverage for actions that, like the Underlying Action, were brought by a state prosecutor under the UCL or the FAL. *See Allen*, 2014 WL 12569527, at \*14, \*17 (Section 533.5 "expressly prohibits insurers from providing coverage or a defense for any claims brought pursuant to the UCL"); *N. Am. Arms, Inc*., 2003 WL 21588226, at \*7 (coverage for claims under the UCL and the FAL "is not permitted by law" under Section 533.5); *United Cmty. & Housing Dev. Corp.*, 2004 WL 2633921, at \*4 n.7 (claims under the UCL are uninsurable under California law).

Accordingly, Starr respectfully requests that the Court grant Starr's motion for summary judgment on Adir's FAC and for partial summary judgment on Starr's counterclaims and issue a judicial declaration that Starr does not have and never had any duty to indemnify Adir in the Underlying Action.[3]

### D. Starr is Entitled to Reimbursement of Defense Payments because the Underlying Action Is Not Potentially Covered by the Policy

Starr is entitled to reimbursement by Adir for the amounts that Starr has paid for Adir's defense in the Underlying Action, which given the applicability of Section 533.5, are not potentially covered by the Policy. California law recognizes that "where there is not even the potential for coverage because the claims do 'not even possibly embrace any triggering harm of the specified sort with the policy period caused by an included occurrence,' then the insurance company does not have a duty to defend, and any costs advanced may be recouped." *Millennium Labs., Inc. v. Allied World Assur. Co. (U.S.), Inc*., 165 F. Supp. 3d 931, 936 (S.D. Cal. 2016), *aff'd*, 726 F. App'x 571 (9th Cir. 2018) (quoting *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643, 655 (2005)).

Further, the Policy expressly provides Starr a right to seek reimbursement

---

[3] Starr contends that no indemnity exists under the terms and conditions of the Policy regardless of the application of Section 533.5. Starr reserves all of its rights under the Policy and applicable law in that regard.

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

from Adir for any uncovered **Loss** that Starr paid or pays in connection with the Underlying Action under the Policy. (SUF ¶¶ 2, 3; Byun Decl. ¶ 2 Ex. A.) Additionally, while not required, Starr expressly reserved its rights to seek reimbursement for payments of uncovered **Loss** in its coverage letter to Adir dated December 15, 2017 and its March 29, 2019 email to Adir's defense counsel in the Underlying Action. (SUF ¶¶ 13, 15; Byun Decl., ¶¶ 4 Ex. C, 6 Ex. E.)

Here, for the reasons discussed above, Starr does not have and never had a duty to defend or indemnify Adir in the Underlying Action.  As a result, Starr is entitled to partial summary judgment on its counterclaim and a judicial declaration that it is entitled to reimbursement from Adir for the amounts Starr has paid for Adir's defense in the Underlying Action.

**E.**   **Starr is Entitled to Restitution by Adir for Any and All Amounts Starr Paid or Pays in Connection with the Underlying Action to the Prevent Unjust Enrichment of Adir**

In addition to Starr's express right to reimbursement under the Policy, Starr also is entitled to restitution under a theory of unjust enrichment.  Under the law of restitution, the right of reimbursement "runs against the person who benefits from 'unjust enrichment' and in favor of the person who suffers loss thereby." *Buss*, 16 Cal. 4th at 51.  Namely, "[t]he 'enrichment' of the insured by the insurer through the insurer's bearing of unbargained-for defense costs is inconsistent with the insurer's freedom under the policy and therefore must be deemed 'unjust.' . . . Even if the policy's language were unclear, the hypothetical insured could not have an objectively reasonable expectation that it was entitled to what would in fact be a windfall." *Id.*

The enforcement of an insurer's right to reimbursement is "good law" and "good sense" because it encourages insurers to err on the side of providing a defense and avoids providing a windfall to the insured of more than was agreed. *Id.* at 52-53.  Also, an insurer "should not be forced either to deny a defense outright,

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  and risk a bad faith suit by the insured, or to provide a defense where it owes none

2  without any recourse against the insured for costs thus expended." *MV Transp.*, 36

3  Cal. 4th at 660.  Instead, "[t]he insurer should be free, in an abundance of caution,

4  to afford the insured a defense under a reservation of rights, with the understanding

5  that reimbursement is available if it is later established, as a matter of law, that no

6  duty to defend ever arose." *Id*.

7       Here, Starr acted in good faith in agreeing to defend Adir in the Underlying

8  Action, subject to a full and complete reservation of rights, including its right to

9  seek reimbursement of amounts paid for the defense of claims not potentially

10 covered by the Policy. (SUF ¶ 13; Byun Decl., ¶ 4 Ex. C.)  The enforcement of

11 Starr's right to reimbursement is both "good law" and "good sense" because the

12 bargained-for terms of the Policy do not afford coverage for the Underlying Action

13 pursuant to Section 533.5 and the Policy's Conformity to Statute provision. (SUF ¶

14 2; Byun Decl. ¶ 2 Ex. A.)  For the reasons discussed above, Starr does not have and

15 never had a duty to defend or indemnify Adir in the Underlying Action.  Therefore,

16 Starr is entitled to partial summary judgment on its counterclaim and a judicial

17 declaration that it is entitled to restitution from Adir for the amounts Starr paid for

18 Adir's defense in the Underlying Action.

19 **F.**    **Section 533.5 Precludes Any Relief under the FAC**

20      The FAC alleges claims for breach of contract and declaratory relief solely

21 based upon the Starr's purported duty to defend and indemnify Adir in the

22 Underlying Action. (Dkt. No. 12.)  However, as established above, pursuant to

23 Section 533.5, which is incorporated into and made part of the Policy, Starr does

24 not have and never had any duty to defend or duty to indemnity Adir in the

25 Underlying Action.  Therefore, Starr is entitled to summary judgment as to the FAC

26 in this Coverage Action.  *See Lindsey v. Admiral Ins. Co*., 804 F. Supp. 47, 52

27 (N.D. Cal. 1992) ("[T]here can be no breach of contract or bad faith denial of

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1   benefits in the absence of a covered claim").

2   **IV.   <u>CONCLUSION</u>**

3
4           For the foregoing reasons, Defendant Starr respectfully requests that the

5   Court grant Starr's motion for summary judgment on Adir's FAC and for partial

6   summary judgment on Starr's counterclaims and issue judicial declarations that:

7   Starr does not have and never had a duty to defend Adir in the Underlying Action,

8   pursuant to Section 533.5; Starr does not have and never had a duty to indemnify

9   Adir in the Underlying Action, pursuant to Section 533.5; Starr is entitled to

10  reimbursement by Adir of amounts paid it on behalf of Adir in connection with

11  defending the Underlying Action; and Starr is entitled to restitution from Adir of

12  amounts paid Starr on behalf of Adir in connection with defending the Underlying

13  Action.  In addition, Starr requests that summary judgment be granted in its favor as

14  to Adir's FAC.[4]

15  Dated: August 12, 2019                    TROUTMAN SANDERS LLP

16
17
18                                           By: /s/ Ryan C. Tuley
19                                               Kevin F. Kieffer
                                                 Ryan C. Tuley
20                                               Michael L. Huggins

21                                               Attorneys for Defendant and Counter-
                                                 Claimant STARR INDEMNITY &
22                                               LIABILITY COMPANY

23
24
25

26  _____

27  [4] While, as demonstrated above, Section 533.5 bars coverage for the Underlying
    Action as a matter of law, coverage for this matter is barred or limited by other
28  provisions of the Policy and Starr reserves the right to further address such
    provisions at a later time, including through subsequent dispositive motions.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STARR'S MOTION FOR
SUMMARY JUDGMENT/PARTIAL SUMMARY JUDGMENT